**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERMAINE ANTONIO ARMSTRONG, | No. 11-16879 |
| Petitioner - Appellant, | D.C. No. 1:10-cv-00173 |
| v. | |
| | MEMORANDUM[*] |
| WARDEN OF USP-ATWATER, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding [*]

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Federal prisoner Jermaine Antonio Armstrong appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2241 habeas petition. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. Appellant. P. 34(a)(2).

Armstrong contends that his due process rights were violated by a Disciplinary Hearing Officer's ("DHO") determination that Armstrong committed the prohibited act of "Killing (Aiding and Abetting)" of another inmate. Contrary to Armstrong's contentions, as the district court properly concluded, the record reflects that procedural safeguards were met and that "some evidence" supports the DHO's findings. *See Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Armstrong also contends that he did not consent to the jurisdiction of the magistrate judge. This contention is belied by the record.

**AFFIRMED.**